IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB JONES, # Y-11598, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-439-MJR |
| ) | |
| JACQUELINE LASHBROOK, ) | |
| BETSY SPILLER, DIRECTOR I.D.O.C., ) | |
| WEXFORD MEDICAL SOURCES, ) | |
| SUZANN BAILEY, ) | |
| and COMMISSARY OWNERS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for case management. Plaintiff filed this action while he was a state prisoner, and was subsequently paroled, according to the online records of the Illinois Department of Corrections. In anticipation of his release, Plaintiff provided the Court with his future address. (Doc. 9).

On September 22, 2016 (Doc. 12) Plaintiff's complaint was dismissed for failure to state a claim upon which relief may be granted. However, he was granted leave to file an amended complaint if he wished to proceed with the case. On October 26, 2016, Plaintiff's deadline to file an amended complaint was extended to November 23, 2016, when it was discovered that the dismissal order had not been sent to Plaintiff's post-release address. (Doc. 14). The Court's order at Doc. 12 and a blank civil rights complaint form were re-sent to the address Plaintiff provided in anticipation of his parole, and the envelope has not been returned to the Court. The Court's order clearly warned Plaintiff that "Failure to file an amended complaint

shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted 'strikes' within the meaning of 28 U.S.C. § 1915(g)." (Doc. 12, p. 15).

The extended deadline for Plaintiff to file his amended complaint has now passed, and Plaintiff has failed to file an amended pleading or to request any further extension. Accordingly, this action is ripe for dismissal.

**IT IS HEREBY ORDERED** that this § 1983 action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

Because the original complaint failed to state a claim upon which relief may be granted, and Plaintiff did not file an amended pleading, this dismissal shall count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e);

28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: December 6, 2016**

>                               s/ MICHAEL J. REAGAN
>                               Chief Judge
>                               United States District Court